IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**Kelly O.,**[1]

        Plaintiff,

v.

**Commissioner**,
Social Security Administration,

        Defendant.

**Civ. No. 3:18-cv-00706-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Kelly O. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. §§ 405(g).

    Plaintiff alleges the Administrative Law Judge ("ALJ") erred by: (1) rejecting Plaintiff's subjective symptom testimony; (2) rejecting lay witness testimony; and (3) inappropriately relying upon the vocational expert ("VE"). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

    Plaintiff applied for DIB on May 13, 2014, alleging disability since February 25, 2011. Tr. 182–83.[2] Plaintiff's claim was denied initially and upon reconsideration. Tr. 117, 128. Plaintiff

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of any non-governmental parties in this case.
[2] "Tr." refers to the Transcript of Social Security Administrative Record, ECF No. 9, provided by the Commissioner.

1 – OPINION AND ORDER

requested a hearing, which took place on December 1, 2016, in Portland, Oregon. Tr. 53, 131. At the hearing, Plaintiff amended his onset date to May 22, 2014. Tr. 40, 61. The ALJ denied Plaintiff's claim on February 7, 2017, and the Appeals Council declined to alter the ALJ's decision. Tr. 1.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant as to steps one through four, and on the Commissioner as to step five.

*Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, it is the Commissioner's burden to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

## I. Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ improperly discounted his subjective testimony. Pl.'s Br. 5, ECF No. 18. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair,* 885 F.2d at 603). The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate

explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040. "If the ALJ's credibility finding is supported by substantial evidence in the record," this Court "may not engage in second-guessing," *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted), and "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted).

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 44. Plaintiff testified that his back pain forced him to spend at least half his day lying down. Tr. 75. Plaintiff also testified that his shoulder pain made it difficult to move. *Id.* A Magnetic Resonance Imaging ("MRI") exam of Plaintiff's back on his alleged onset date revealed degenerative disk disease and "mild/moderate hypertrophic joint arthrosis" in the lower lumbar spine. Tr. 377. Plaintiff also had an MRI in July of 2014 that revealed a moderate sized partial tear of the supraspinatus on his right shoulder. Tr. 398.

Plaintiff contends that the ALJ's credibility analysis was flawed because it was "impermissibly general" and failed to meet the specificity requirements explained in *Brown-Hunter v. Colvin*. Pl.'s Br. 5–8; 806 F.3d 487 (9th Cir. 2015). In *Brown-Hunter*, the ALJ committed legal error by "fail[ing] to identify the testimony she found not credible . . . [and] not link[ing] that testimony to the particular parts of the record supporting her non-credibility determination." 806 F.3d at 494. The court explained that a reviewing court could not "discern the agency's path because the ALJ made only a general credibility finding without providing any reviewable reasons

why she found [the claimant's] testimony to be not credible." *Id.* (citing *Treichler*, 775 F.3d at 1099).

This case is distinguishable from *Brown-Hunter* for two reasons. First, The ALJ's credibility analysis was not "impermissibly general" because the ALJ provided specific reasons for discounting Plaintiff's testimony. *See* tr. 45–46. The ALJ noted that while Plaintiff has limitations due to back impairment, the evidence did not support his allegation of debilitating symptoms. The ALJ cited to Plaintiff's self-reported improvement with occupational and physical therapy, tr. 580, and ability to prepare meals, perform household chores with frequent breaks, and shop. Tr. 233–34. The ALJ also discussed medical examinations that revealed full leg strength, tr. 374, normal gait, *id.*, and that the only evidence of pain was low back tenderness. Tr. 398. Regarding Plaintiff's alleged shoulder impairment, the ALJ cited an exam after the alleged onset date that reported Plaintiff having full range of motion for both shoulders. *Id.* The ALJ also discussed the fact that while Plaintiff testified about the need for recumbency and the need to walk with a cane, there was no evidence in the record that either one was a medical necessity. Tr. 45. Simply put, the ALJ identified specific evidence that supported the ALJ's decision to discount Plaintiff's testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Second, although the ALJ could have been more precise, the Court can still "reasonably discern the ALJ's path." *See Jose v. Berryhill*, No. 1:16-cv-02340-SB, 2018 WL 1255763, at *6 (D. Or. March 12, 2017) (quotation and citations omitted). Here, the ALJ cited to medical exams and Plaintiff own testimony to support the ALJ's decision to discount Plaintiff's testimony. Tr. 45–46. The ALJ provided "reviewable reasons why she found [the Plaintiff's] testimony to be not credible." *Brown-Hunter*, 806 F.3d at 494 (citing *Treichler*, 775 F.3d at 1099). Because the

evidence reasonably supports the ALJ's decision, this Court "'may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 523 (quoting *Reddick*, 157 F.3d at 720–21).

Substantial evidence exists to support the ALJ's decision to discount the Plaintiff's credibility.

## II. Lay Witness Testimony

Plaintiff next argues that the ALJ improperly rejected the lay witness testimony from the Plaintiff's roommate. Pl.'s Br. 11. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence than an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "The ALJ may reject a third party's testimony upon giving a reason germane to that witness." *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (citation omitted).

Samantha T., Plaintiff's roommate, completed a third-party statement. She alleged that Plaintiff had to shift positions often, and that he was significantly restricted in the ability to lift, squat, bend, reach, kneel, and perform household chores. Tr. 263. The ALJ discounted Samantha T.'s testimony because it was not fully consistent with the treatment record. Tr. 46. The ALJ noted Plaintiff's reported improvement with treatment and Plaintiff's objective examination findings as undermining the veracity of Samantha T.'s third-party statement. *Id.*

Inconsistency with other evidence in the record is a germane reason for rejecting the testimony of a lay witness. *Lewis*, 236 F.3d 503, 511 (9th Cir. 2001); *see also* SSR 06-3p, *available at* 2006 WL 2329939, at *5 ("For opinions from sources . . . who are not medical sources . . . it would be appropriate to consider such factors as . . . whether the opinion is consistent with other evidence."). Further, it is not reversible error to reject lay testimony when "the lay testimony

described the same limitations as [claimant's] own testimony, and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122. Because the lay testimony generally described the same limitations alleged by Plaintiff and the ALJ did not err in rejecting Plaintiff's own testimony as to the extent of his limitations, the ALJ did not err in giving little weight to Samantha T.'s testimony. *Id.*

### III. Vocational Expert's Testimony

Plaintiff argues that the ALJ improperly relied on the VE's testimony, which Plaintiff alleges diverged from the *Dictionary of Occupational Titles* ("DOT") without explanation. Pl.'s Br. 12. "Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). An ALJ may rely on VE occupational evidence that contradicts the DOT, "but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ must ask the VE if the evidence he or she provided is consistent with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). When there is an apparent conflict between the VE evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a disability determination. *Id.* (quoting SSR 00-4p, 2000 WL 1898704, at *2). "A conflict is 'apparent' when it is 'manifest' or 'obvious.'" *Sterba v. Colvin*, 2014 WL 7228989, at *2 (D. Or. Dec. 16, 2014); *see also* BLACK'S LAW DICTIONARY 105 (8th ed. 2004).

Plaintiff argues that because the ALJ found he could only be on his feet four hours per eight-hour workday, Plaintiff cannot perform jobs that "requires standing and walking for a combined total of six hours per workday." Pl.'s Br. 12.

SSR 83-10 makes clear that some light work jobs involve "sitting most of the time," are "performed in a seated position," and/or require less than the full range of light work regarding carrying. *See* 1983 WL 31251, at *5–6; *see also Roman v. Colvin*, No. ED CV 14-409-SP, 2015 WL 5768375, at *5 (C.D. Cal. Sept. 29, 2015) (finding that light work jobs do not necessarily require a person to stand/walk 6 hours per 8-hour workday or perform the full range of light work). None of the DOT descriptions of the three jobs at issue here mention standing/walking. *See* DOT § 239.567-010, 1991 WL 672232 (Jan. 1, 2016); DOT § 706.687-010, 1991 WL 679074 (Jan. 1, 2016); DOT § 726.687-010, 1991 WL 679633 (Jan. 1, 2016). To the contrary, they define "light work" as follows:

> Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Id.* Further, the ALJ asked whether a hypothetical person who "was limited to standing and walking for a combined total of four hours" per day could perform the three occupations noted by the VE. Tr. 83. The VE, in his expertise, responded that Plaintiff could perform these three light work jobs and affirmed that his testimony was consistent with the DOT. Tr. 83–84. There is no actual or apparent conflict here. *Tyrone J. v. Berryhill*, No. 3:17-cv-01883-MC, 2019 WL 2357362, at *4 (D. Or. June 4, 2019) (citing *Gottschalk v. Colvin*, No. 6:13-cv-00125-JE, 2014 WL 1745000, at *7 (D. Or. May 1, 2014)).

Accordingly, the ALJ properly relied on the VE's testimony.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 24th day of October, 2019.

                                                s/ Michael J. McShane
                                                Michael J. McShane
                                                United States District Judge